NANCY CONOWAY and LEVIN CONOWAY, Administrators of ISAAC CONOWAY, deceased, d. b., app'ts. *vs.* SARAH E. SPICER, Adm'x. of THEOPHILUS SPICER, p. b., resp't.

*An acknowledgment of liability of the estate to pay a debt, made by one of several administrators, will not remove the bar of limitation.*

*Charges for sawing lumber are proper book charges.*

THIS was an appeal (tried at the spring term, 1854,) from the judgment of a justice of the peace in Sussex county, in an action of assumpsit.

The plaintiff declared for goods sold and delivered, and for work and labor, with a count on an account stated. The pleas were the general issue and limitation.

The plaintiff proved a book account, on the books of Theophilus Spicer for sawing lumber, in the years 1844, 1846 and 1847, by Isaac Conoway, amounting to $33 16.

*Mr. Cullen* objected to the book as evidence of the claim, because it was not the subject of a book charge; but the court over-ruled the objection.

The plaintiff proved that in 1851, an agent of the administratrix of Theophilus Spicer called on the administrators of Isaac Conoway, with a view to the settlement of their accounts; that they went over the several items of claim, both for sawing in the life time of Spicer and since his death; that there was no objection made to the items of the account; and when they were summed up, Levin Conoway, one of the administrators, admitted that Isaac Conoway's

estate was indebted to the plaintiffs for sawing; but said it must be settled by the law. No admission was proved by Nancy Conoway, the other administrator; nor was it distinctly proved that she was present and within hearing at the time this admission was made by her co-administrator.

The plaintiff relied on this admission as taking the case out of the act of limitation.

There was some evidence on the part of the defendants that Isaac Conoway had sold lumber sawed by him for Spicer, and by Spicer's authority, amounting to $90; but it was proved in reply that the purchaser had not paid for it.

*Mr. Cullen* contended—1. That the admission was not sufficient to take the case out of the act of limitation, as a promise to pay could not be inferred from it; and 2. that an express admission by one of two administrators, would not bind the estate; but it must be by all the administrators. He cited 2 *Wms. Ex'rs.* 1196; 9 *Com. Law Rep.*, 20; *Ibid*, 12; 5 *Wend. Rep.*, 558, 561; 14 *Ib.*, 90, 97; 4 *Cowen Rep.*, 493.

*Mr. Saulsbury* contra.

*The Court* charged the jury that an express promise to pay the debt was not necessary to revive a debt barred by limitation, in case of an administrator, more than in any other case; but there must be a distinct acknowledgment or recognition of an existing debt, such as admits an obligation on the part of the estate, and involves an implied promise to pay it, founded on such recognized obligation; and that this acknowledgment must be by all the administrators, or by one acting for and by the authority of the others; and left it to the jury to say, whether, on the proof, they believed that the admission here relied on was made by both the administrators. The reason was, that the declaration counted on a debt due from the estate and an implied promise by both the administrators to pay it, which was not proved by the admission of only one of the administrators. (4 *Harr. Rep.*, 372, *Chambers* vs. *Fennemore's adm'rs.*, and the cases there cited.)

The jury found for the plaintiff, $36 54, and the court refused a rule to set aside the verdict.

*Cullen* and *Cullen*, for plaintiff.

*Saulsbury*, for defendants.